PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLINTON LOCKHART, | ) |
| Plaintiff, | ) CASE NO. 5:17CV0557 |
| v. | ) JUDGE BENITA Y. PEARSON |
| SANDRA KURT, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |

## I. Background

*Pro se* Plaintiff Clinton Lockhart originally filed this civil action against eighteen (18) Defendants. His Complaint consisted of one sentence: "The wrongdoers entered and forged an instrument which has interfered with my right to property." ECF No. 1. In the case caption, Plaintiff indicated his intention to assert claims for trespass and forgery. He amended the Complaint on April 3, 2017 to add nine (9) more Defendants to the action. ECF No. 4. His Amended Complaint (ECF No. 4) remained the one sentence stated above. In addition, Plaintiff substantively altered the Court's summons forms, informed the Court that he objected to the use of the word "Complaint" to describe his pleading, and stated he did want the Court to reference statutes or codes in his case. The Clerk's Office personnel explained to him that they would not issue his altered summonses and he would need to complete the proper forms. *See* ECF Nos. 3, 5, 6 and 7.

1

(5:17CV0557)

Although Plaintiff's Amended Complaint failed to establish the Court's subject matter jurisdiction over the case, and was subject to *sua sponte* dismissal, the Court notified Plaintiff on April 12, 2017 that his Amended Complaint, as written, was subject to dismissal and gave him the opportunity to correct the deficiency within thirty (30) days from the date of the Order. ECF No. 8. He was also notified that if a legally sufficient second Amended Complaint was not filed within the time permitted, this action would be dismissed. *Id. See also Catz v. Chalker,* 142 F.3d 279 (6th Cir. 1998); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).

Plaintiff, however, did not receive the Order (ECF No. 8) because the address he submitted with his complaints was not current. Mail sent to that address and a subsequent mailing by the Court on April 19, 2017 were returned to the Court as undeliverable by the United States Post Office. *See* ECF Nos. 12 and 13.

Plaintiff filed three more notices. The first one informed the Court that he did not want "anyone to file anything in [his] claim who's not a party to [his] claim." ECF No. 9. This included the undersigned judge. His second notice indicated to the Court that he did not want codes or statutes cited on his paperwork. ECF No. 10. His third notice proclaimed that he had filed a claim not a civil complaint. ECF No. 11.

Plaintiff came into the Court on April 20, 2017 with more altered summonses. The Clerk indicated she could not issue the altered forms and he demanded her name and "bond information." He argued with the deputy clerk and a supervisor for more than thirty minutes before court security officers arrived and escorted Plaintiff from the building.

(5:17CV0557)

Plaintiff filed a second Amended Complaint on May 1, 2017. ECF No. 16. This time, he spent approximately an hour and half at the Clerk of Court's intake window, argued with Clerk's office personnel, submitted altered Court forms (ECF Nos. 17 and 18), and filed another Notice (ECF No. 19) that states: "I man require a magistrate only in my Claim. I do not give permission for anyone or judge to make any decisions in my claim." Plaintiff's second Amended Complaint (ECF No. 16) lists only Summit County Common Pleas Court Judge Amy Corrigall Jones as a Defendant. He appears to have abandoned his claims against the other Defendants. The substance of the Complaint is again one sentence: "The wrong doers [sic] entered and forged an instruments [sic] which has interfered with my right to property." ECF No. 16 at PageID #: 55. As his basis for federal court jurisdiction, he states the parties are diverse in citizenship and the amount in controversy is more than twenty dollars. *Id.* He indicates he is not a citizen, and that the Defendant is a foreign entity and a citizen of a foreign nation. *Id.* He asserts state law claims for trespassing and forgery. *Id.* In the case caption, he proclaims he is filing his "claim" in the "*Lockhart Court* at the United States District Court for the Northern District of Ohio." *Id.* at PageID #: 54 (emphasis added). He further indicates his case is to be heard only by a magistrate judge. *Id.*

## II. Standard for Dismissal

The Court is required to construe Plaintiff's *pro se* complaint liberally and to hold the complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (per curiam), district courts are permitted to

3

(5:17CV0557)

conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A plaintiff has the burden of proving subject matter jurisdiction under Federal Civil Procedure Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect, which can be raised by the Court, or by the parties at any time. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

### III. Law and Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). The authority of federal courts is limited to deciding cases that the Constitution and Congress have empowered the courts to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

4

(5:17CV0557)

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that he is a citizen of one state and that all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser*, 915 F.2d at 1072. The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983).

Contrary to Plaintiff's assertion, diversity of citizenship does not exist in this case. Although Plaintiff claims he is "not a citizen," he has provided the Court with two addresses in Ohio. He does not list any other address for himself. Defendant is a Summit County Common Pleas Court Judge. She is also an Ohio citizen. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, a plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the

(5:17CV0557)

Plaintiff and Defendant are both citizens of Ohio. Accordingly, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-Complaint rule focuses on what a plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475.

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation . . . to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. He continues to list only cause(s) of action and that arise, if at all, under state law. Furthermore, the body of the Complaint consists of one sentence, which does nothing to suggest that Plaintiff may be relying on a federal cause of action to support his case. In fact, he has repeatedly indicated to the Court that he does not wish to rely on federal statutes, such as 42 U.S.C. § 1983, which may provide him with a plausible federal cause of action if proper supporting facts are pleaded. Under the circumstances, the Court cannot find a basis for federal

6

(5:17CV0557)

question jurisdiction in the Complaint.  Plaintiff has failed to establish a basis for federal court subject matter jurisdiction.  Accordingly, this case is dismissed with prejudice on that basis.

### IV.  Clinton Lockhart is Permanently Enjoined

The Court is mindful that Plaintiff has repeatedly indicated that he does not want: (1) to conduct his case in accordance with the Federal Rules of Civil Procedure; (2) to file the proper forms; (3) his case to be decided on the basis of federal statutes; and (4) any Court personnel, including the undersigned District Court Judge, to add Orders to his docket.  Plaintiff wants to conduct his own case in the "Lockhart Court," essentially borrowing space and court personnel from the United States Government, and inventing the rules by which the case will be adjudicated.  *See* Plaintiff's Sixth Notice, ECF No. 22.

The United States District Court is a court of law, established by Article III of the United States Constitution.  Cases filed in the Court are conducted in accordance with the Federal Rules of Civil Procedure, and are governed by federal law, including federal statutes and regulations.  Litigants that file cases in the United States District Court are bound by those substantive and procedural laws.  *Pro se* plaintiffs cannot file cases and expect to invent their own rules.

Moreover, it is apparent from Plaintiff's filings and his interactions with Court personnel that he did not intend to sincerely adjudicate a civil action in federal court.  Rather, it appears, he is using the Court to advance a particular ideology, harass opposing parties, and harass Court personnel.  These are not acceptable uses of the Court's time and resources.

Up to this point, the Court has been very tolerant of Plaintiff's *pro se* filings and actions; however, Plaintiff's misuse of the judicial system must cease.  The filing of frivolous lawsuits

7

(5:17CV0557)

and motions strain an already burdened federal judiciary.  As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *In re McDonald*, 489 U.S. 180, 184 (1989).  The Court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings.  *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this case, the Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to persist in this manner.  Accordingly, Clinton Lockhart is permanently enjoined from filing any new lawsuits or other documents without first seeking and obtaining leave of Court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

> 1.  He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).
>
> 2.  As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3.  By means of a second exhibit, he must identify and list:  (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

(5:17CV0557)

> 4. As a third exhibit to the Motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any Motion for Leave to File, if the Court determines the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for the Court to deny any Motion for Leave to File, and may be considered an act of contempt for which Plaintiff may be punished accordingly.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

> (1) Any document submitted by Clinton Lockhart prior to him obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: (a) an affidavit or sworn declaration as required by this Order; (b) a copy of this Memorandum of Opinion and Order; and, (c) the exhibits required by this Memorandum of Opinion and Order.
>
> (2) The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Clinton Lockart submits, unless and until leave is granted.

### V. Conclusion

Accordingly, this action is dismissed and Plaintiff Clinton Lockhart, is permanently enjoined from filing any new lawsuits in the United States District Court for the Northern

9

(5:17CV0557)

District of Ohio or filing other documents in this case without first seeking and obtaining leave of Court. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| May 3, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |